968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bryan L. HAMMONTREE, Plaintiff-Appellant,
v.
CITY OF BUFFALO, OKLAHOMA, a municipal corporation; Harper
County, Oklahoma; Dale Clear, Individually and in his
capacity as a Deputy Sheriff for the Harper County Sheriff's
Department; and Marion England, Individually and in his
capacity as Police Officer for the City of Buffalo,
Oklahoma, Defendants-Appellees.
 Nos. 91-6192, 91-6216 and 91-6231.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1992.
 
 Before STEPHEN H. ANDERSON, ALDISERT* and BRORBY, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 This civil rights case arose when the plaintiff/appellant, Bryan L. Hammontree, was shot with his own gun during a struggle in his pickup truck with an unarmed police officer who was attempting to disarm Hammontree. The struggle followed an eighteen mile vehicle chase over rural roads after Hammontree refused to stop for City of Buffalo police officer Marion England. At one point during the episode Hammontree ran a police roadblock. He was eventually halted, without injury, when one of the defendants, Deputy Sheriff Dale Clear, effected a rolling stop block of Hammontree's pickup with Clear's police car.
 
 
 2
 Hammontree sued two of the officers involved and their governmental entity employers, pursuant to 42 U.S.C. § 1983, alleging that the chase, stop, and shooting violated various of his constitutional rights, as did policies and procedures, or lack thereof, of the named governmental entities. He also alleged various state causes of action. Following discovery, the defendants filed separate motions for summary judgment. In three carefully reasoned orders, dated respectively, April 29, May 9, and May 30, 1991, the district court granted those motions, and dismissed the action on grounds, among others, that Hammontree failed as a matter of law to state any constitutional violation, and no genuine issue of material fact existed for resolution regarding any alleged constitutional claim. The court also dismissed the state claims. On appeal, Hammontree mounts an eight-page argument, Appellant's Brief in Chief at 11-19, with no reply brief, essentially claiming that selected facts, along with his conclusory assertions, entitle him to a trial.
 
 
 3
 We have carefully reviewed the record and the arguments of the parties in relation to the orders of the district court. In doing so we have applied substantive due process standards to the facts and allegations surrounding the pursuit of Hammontree, see Medina v. The City and County of Denver, 960 F.2d 1493 (10th Cir.1992), and authorities collected therein; see also Hewitt v. City of Truth or Consequences, 758 F.2d 1375, 1378-79 (10th Cir.), cert. denied, 474 U.S. 844 (1985); and the Fourth Amendment's objective reasonableness standard to Hammontree's alleged wrongful seizure and excessive force claims, see Graham v. Connor, 490 U.S. 386, (1989); Dixon v. Richer, 922 F.2d 1456, 1460-62 (10th Cir.1991). Our examination convinces us that the district court did not err in granting the defendant's respective motions for summary judgment. Accordingly, the judgment of the district court in favor of each defendant is AFFIRMED.
 
 
 
 *
 The Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals, Third Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3